IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LARRY C. MAYO, et al. | * | |
| | * | |
| v. | * | Civil No. – JFM-11-1052 |
| | * | |
| BOARD OF EDUCATION OF | * | |
| PRINCE GEORGE'S COUNTY, et al. | * | |
| | ****** | |

OPINION

Plaintiffs instituted this putative class action in the Circuit Court for Prince George's County, Maryland against the Board of Education of Prince George's County, Maryland ("the Board"), Verjeana Jacobs, and the Association of Classified Employees/American Federation of State, County, and Municipal Employees, Local 2250, AFL-CIO ("Local 2250"). Plaintiffs assert state law claims against Local 2250 and the Board, and federal constitutional claims against the Board and Jacobs.

The Board and Jacobs removed the action to this court. In their notice of removal, their counsel state that they have confirmed with counsel for Local 2250 and "Defendant Local 2250 agrees with the removal of this action to federal court." (Notice of Removal ¶ 5.) Plaintiffs have filed a motion to remand. The Board and Jacobs have filed a motion to dismiss or for summary judgment. Local 2250 has filed a motion to dismiss. Plaintiffs' motion to remand will be denied. Defendants' motions to dismiss will be granted.

I.

The basis of plaintiffs' motion to remand is that Local 2250 did not file its own notice of removal or another writing with the court reflecting that it consented to the removal. There is authority to support plaintiffs' position. *See, e.g.*, *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062

(8th Cir. 2008); *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 508–09 (E.D. Va. 1992); 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3730, at 440 (4th ed. 2009). Likewise, there are other cases that in their broad language appear to support plaintiffs. Those cases, however, are factually distinguishable in that the notice of removal filed by one defendant did not mention other defendants at all or stated that other defendants "did not object to removal," rather than that they "consented to removal." *See, e.g.*, *Roe v. O'Donohue*, 38 F.3d 298 (7th Cir. 1994), *abrogated on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *Anne Arundel Cnty. v. United Pac. Ins. Co.*, 905 F. Supp. 277 (D. Md. 1995); *see also Nozick v. Davidson Hotel Co.*, Civ. No. CCB-03-2988, 2004 U.S. Dist. LEXIS 101 (D. Md. Jan. 6, 2004) (ordering remand where the defendant seeking removal provided no information regarding the other defendant's consent in the notice of remand, but stated in subsequent correspondence with the court that the co-defendant consented during a telephone call with the removing defendant's counsel).

     In contradistinction to those cases, the Sixth Circuit has squarely held that where the removing defendant expressly states that counsel for the removing defendant has obtained concurrence to the removal from another defendant whose consent to removal was required, the removal is effective. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195 (6th Cir. 2004). The Fourth Circuit likewise appears to have so ruled. In *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181 (4th Cir. 2002), the Court upheld the propriety of the removal where "Verizon's notice of removal . . . was filed with CORE's [Verizon's co-defendant's] consent . . . ." *Id.* at 187 n.2. Although the Fourth Circuit opinion itself does not make it clear, a review of the court docket in the District Court (which, of course, was before the Fourth Circuit when it issued its opinion) unquestionably demonstrates that CORE had not filed its own notice of removal or other

document evidencing its consent to removal. The docket reflects that Verizon alone filed the notice of removal and that the plaintiff filed a motion to remand the case "Based on Procedural Defect in Defendants' Removal of Case: Failure of All Defendants to Properly Signify Written Assent to Removal within 30 days of Receipt of Notice Establishing Removability of Action." Civ. No. 01-45 (D. Md. Feb. 5, 2001), ECF No. 12. That motion was denied by the district court.[1] Civ. No. 01-45 (D. Md. Feb. 6, 2001), ECF No. 13.

Perhaps I could find that *Darcangelo* is not binding because the Fourth Circuit's ruling was somewhat oblique. However, I find that the rule enunciated in *Harper* and followed in *Darcangelo* is the preferable one. I recognize that the removal statute should be strictly construed. *See, e.g.*, *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) (en banc); *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333–34 (4th Cir. 2008). However, there is a difference between strictly construing a statute and creating requirements that a statute itself does not impose. Nothing in 28 U.S.C. § 1441 or § 1446 imposes a requirement that a defendant submit a writing to the court reflecting consent to removal. All that the removal statutes require is that the defendant consent to the removal. In my view, it may be assumed that generally attorneys will act professionally and will not represent in a notice of removal that another defendant has consented to the removal unless that defendant has, in fact, consented, either orally or in writing. Further, unlike the court in *Creekmore*, *supra*, I am confident that Fed. R. Civ. P. 11 provides a fully satisfactory deterrent to an attorney making a misrepresentation to the court as to whether a co-defendant has consented to removal. Nothing in Rule 11 is limited to statements made to an attorney by that attorney's client, and if, in fact, an attorney misrepresented to a court that a co-defendant's consent to removal has been obtained,

---

[1] I have not reviewed Verizon's notice of removal because the court file is now in archives. However, the docket sheet itself is electronically available through the CM/ECF system.

3

appropriate sanctions could be issued, including the entry of an order of remand.[2] *See Harper*, 392 F.3d at 202.

## II.

### A.

The dispute among the parties arises from the fact that for many years the Board employed numerous persons, including plaintiffs and the members of the putative class, as "temporary employees." (Compl. ¶ 5.) In 2008, during wage-related negotiations between Local 2250 and the Board, Local 2250 requested and was provided with a list from the Board indicating that over one-thousand persons were employed by the Board as "substitute and temporary employees." (*Id.* ¶¶ 36–41; Local 2250's Mot. Dismiss, Ex. A, at 3.) This eventually led to the filing of a grievance by Local 2250 that went to arbitration. (Compl. ¶¶ 42–44.)

During the arbitration, Local 2550 argued that all of the temporary employees should be converted to permanent status, and that they should be given back pay for the difference between what they were paid as temporary employees and what they would have been paid as permanent employees.[3] (Local 2250's Mot. Dismiss, Ex. A, at 2.) The arbitrator agreed with Local 2250 that the Board had improperly hired the temporary employees, but he declined to grant the remedy requested by Local 2250. (*Id.* at 16–17.) Instead, the arbitrator ordered that the parties negotiate and attempt to agree upon an appropriate remedy. (*Id.*) Local 2250 and the Board subsequently entered into a settlement agreement pursuant to which, according to plaintiffs,

---

[2] I also note that in this case Local 2250 filed a notice of appearance with the thirty-day period permitted by § 1446(b). Although I do not base my ruling upon that fact, it appears clear that the entry of the notice of appearance constituted unambiguous written evidence that Local 2250 in fact consented to the removal.

[3] Plaintiffs did not attach a copy of the arbitration decision to their complaint. However, because the decision is integral to the claim asserted by plaintiffs, I may consider it in ruling on a motion to dismiss. *See Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

4

Local 2250 was paid approximately $3 million in dues that Local 2250 would have received if the positions filled by temporary employees had been filled by union members. (Compl. ¶ 54.) Local 2250 did not contend, and the arbitrator did not find, that the temporary employees were members of Local 2250's bargaining unit. (Local 2250's Mot. Dismiss, Ex. A, at 8.)

B.

As indicated earlier in this Opinion, the only federal claim that has been asserted by plaintiffs is one against the Board and Jacobs. Plaintiffs seek compensatory damages against these defendants under 42 U.S.C. § 1983 on the ground that they violated the due process clause of the Fourteenth Amendment by not paying them wages compensation as permanent employees. (Compl. ¶¶ 96–104.) These claims are not cognizable. State agencies are not "persons" within the meaning of §1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and the Eleventh Amendment bars damage claims against state agencies and their officials, *see Huang v. Bd. of Governors*, 902 F.2d 1134, 1138 (4th Cir. 1999). As plaintiffs themselves have averred in paragraph 98 of their complaint, "[t]he Board is a component of the State of Maryland under the Maryland State Department of Education and the Maryland State Board of Education." *See also Zimmer-Rubert v. Bd. of Educ.*, 947 A.2d 135 (Md. Ct. Spec. App. 2007).[4]

C.

There remain to be considered plaintiffs' state law claims against Local 2250 and the

---

[4] Plaintiffs also request equitable relief in connection with their federal claims against the Board and Jacobs. A plaintiff may seek an injunction against a state official under § 1983. *See Will*, 491 U.S. at 71 n.10. However, plaintiffs have alleged no facts that support any plausible claims for the issuance of an injunction against Jacobs. *See generally Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1950 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It is evident that the "equitable relief" plaintiffs seek is an award in their favor of the back pay to which they allege they are entitled.

5

Board. None of the claims are cognizable.[5]

In Count I, plaintiffs seek a judgment against all defendants "declaring that: (1) the Plaintiffs and the Temporary Employees became permanent employees of the Board after sixty days employment; (2) the Plaintiffs and the Temporary Employees are entitled to damages for the period commencing sixty days after their employment with the Board started; and (3) the amount of the Plaintiffs' and the Temporary Employees' damages." (Compl. ¶ 83.) As a conceptual matter, it appears that, standing alone, Count I is requesting that the court render a merely advisory opinion. In any event, Count I fails to state a claim upon which relief can be granted because the arbitration decision upon which it is based is absolutely inconsistent with the requested relief. As stated above, the arbitrator expressly declined to convert temporary employees to permanent employees and to order that they be given back pay.

In Count II, plaintiffs assert a claim for a breach of duty of fair representation against Local 2250. (Compl. ¶¶ 84–88.) There are three flaws in that claim. First, because the arbitrator declined to convert temporary employees to permanent employees and expressly recognized that Local 2250 was not the exclusive bargaining agent for temporary employees, Local 2250 did not owe a duty of fair representation to plaintiffs. *See* Md. Code Ann., Educ. § 6-509(b). Second, assuming that Local 2250 did owe a duty of fair representation to plaintiffs, plaintiffs' claim is untimely. The most analogous limitations period for the bringing of claims for the breach of a duty of fair representation under Maryland law is the ninety day period established by the

---

[5] Because state law predominates as to the state law claims, I have considered whether I should remand those claims to the Circuit Court for Prince George's County pursuant to 28 U.S.C. § 1441(c). I have concluded, however, that because the issues are clear-cut and because remand of the case would cause unnecessary delay, expense, and uncertainty, I should decide the state law issues without further ado. I also note that plaintiffs have not requested a remand pursuant to § 1441(c).

regulations of the State Labor Relations Board. *See* Md. Code Regs. 14.32.05.01.[6] This action was instituted long after the ninety days limitations period had expired. Third, if plaintiffs did have a viable fair representation claim, they were required to exhaust their administrative remedies by first submitting the claim to Maryland's Public School Labor Relations Board ("PSLRB").[7] *See Offutt v. Montgomery Cnty. Bd. of Educ.*, 404 A.2d 281, 284 (Md. 1979) (affirming dismissal of fair representation claim in light of finding by the Maryland State Board of Education, the predecessor of PSLRB, of no breach of the duty to fairly represent employees, and noting with approval stay of action to permit review by the State Board).

In Count III, plaintiffs assert a claim for breach of contract against the Board. As with the fair representation claim, to the extent the plaintiffs can state a claim that they are third-party beneficiaries of the collective-bargaining agreement, their remedy for a breach of the agreement was to seek administrative relief from the PSLRB. *Cf. Bd. of Educ. v. Hubbard*, 506 A.2d 625 (Md. 1986) (holding that State Board of Education had primary jurisdiction over question of whether dispute about class size was subject to arbitration).

A separate order effecting the rulings made in this Opinion is being entered herewith.

Date:   July 14, 2011              /s/_____
                                    J. Frederick Motz
                                    United States District Judge

---

[6] I note that this claim would also be untimely under the six-month limitations period applicable to fair representation claims under federal law. *See* 29 U.S.C. § 160; *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169–70 (1983).

[7] Plaintiffs argue that they should not be required to seek administrative relief from the PSLRB at all because the PSLRB has not yet issued any regulations establishing a procedure for filing a claim. This argument rings hollow because plaintiffs never sought to file an administrative claim. Moreover, presumably, prior to the issuance of its own regulations, the PSLRB would have applied the regulations of its predecessor, the Maryland State Board of Education, in considering any request for administrative relief that was filed.